UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

STARDUST MEMORIALS, LLC,
a Michigan limited liability company,

    Plaintiff,

        v.

GETURNS, LLC,
A Texas Limited Liability Company,

and

Cameron Allahverdi,
an individual,

and

Hamza Khan,
an individual,

    Defendants.

Case No.: 1:23-cv-1327

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

FOR ITS COMPLAINT in this matter, Plaintiff, Stardust Memorials, LLC, by and through its attorneys, Revision Legal, PLLC, states as follows:

### I.  INTRODUCTION

1. This is an action for cybersquatting and piercing the corporate veil arising out of the unlawful registration, use, and trafficking in of a domain name containing Plaintiff's valuable trademark with a bad faith intent to profit.

1

II.     PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Stardust Memorials, LLC ("Stardust Memorials") is a Michigan limited liability company organized under the laws of the State of Michigan with its principal place of business in Traverse City, Michigan.

3. Defendant GetUrns, LLC ("GetUrns") is a limited liability company organized under the laws of the State of Texas with its principal place of business in Dallas, Texas.

4. Defendant Cameron Allahverdi ("Allahverdi") is an individual resident of the State of Texas who, upon information and belief, is domiciled in Dallas, Texas.

5. Defendant Hamza Khan ("Khan") is an individual resident of the State of Texas who, upon information and belief, is domiciled in Dallas, Texas.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 1338 because this civil action arises under the Lanham Act, specifically, 15 U.S.C. § 1125(d), and this Court has pendant, ancillary, and/or supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the claims are so closely related that they form part of the same case or controversy.

7. This Court has personal jurisdiction over GetUrns, Allahverdi, and Khan (collectively "Defendants") because Defendants have purposely availed themselves of the privilege of acting in Michigan, Defendants committed intentionally tortious actions expressly aimed at a Michigan limited liability company, which has caused harm to the Plaintiff in Michigan and said harm was known by Defendants to be likely to be suffered by Plaintiff in Michigan, Defendants' actions were expressly aimed at and in the State of Michigan, and Defendants' acts and/or consequences have a substantial enough connection with Michigan to make the exercise of jurisdiction reasonable. The

2

exercise of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

8. Moreover, Defendants GetUrns. Allahverdi, and Khan have specifically targeted Michigan residents in their marketing efforts and, upon information and belief, have sold products to residents of the State of Michigan. **Exhibit A**, Sponsored Google Ad.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the judicial district, because the injured party is a resident of this State, and because the exercise of jurisdiction by the Court over Defendants is proper.

### III.   PLAINTIFF'S MARKS

10. Plaintiff is Stardust Memorials, a limited liability company organized under the laws of the State of Michigan with its principal place of business in Traverse City, Michigan.

11. Plaintiff Stardust Memorials is an online retailer and wholesaler of cremation urns, cremation keepsakes, cremation jewelry, flag cases, memorial products, pet cremation urns, and pet memorial markers.

12. In approximately March of 2011, Plaintiff began selling its memorial-related goods through its principal website located at both http://www.stardustmemorials.com and http://www.stardust-memorials.com.

13. As late as November 01, 2011, Plaintiff established another brand, Silverlight Urns, that also sells memorial related goods, including urns, at its website https://silverlight-urns.com/.

14. From November 01, 2011 to the present, Plaintiff has consistently, continuously, and exclusively used its distinctive SILVERLIGHT URNS mark in association with its sale and offering for sale of cremation urns and other related memorial products.

15. As a result of Plaintiff's longstanding, exclusive, and continuous use of the SILVERLIGHT URNS mark in commerce, Plaintiff has acquired common law trademark rights in and to the SILVERLIGHT URNS mark in association with the sale and offering for sale of cremation urns, urn vaults, cremation jewelry, and pet urns.

16. On April 03, 2017, Plaintiff filed for registration of its distinctive SILVERLIGHT URNS mark with the United States Patent and Trademark Office under Serial No. 87395907, in International Class 020, and for use in association with the sale and offering for sale of funerary urns.

17. The United States Patent and Trademark Office granted Plaintiff's application for registration on November 07, 2017 under Registration No. 5,328,702. See **Exhibit B**, Trademark Registration.

18. As a result of its registered and common law trademark rights (collectively "SILVERLIGHT URNS Mark"), Plaintiff has established substantial consumer goodwill in its SILVERLIGHT URNS brand.

### **DEFENDANTS' MISCONDUCT**

19. Defendant GetUrns is a limited liability company organized under the laws of the State of Texas with its principal place of business in Dallas, Texas.

20. Defendant Allahverdi is an individual resident of the State of Texas who, upon information and belief, is domiciled in Dallas, Texas.

21. Defendant Khan is an individual resident of the State of Texas who, upon information and belief, is domiciled in Dallas, Texas.

22. Defendant GetUrns is a direct competitor of Plaintiff "offer[ing] a vast collection of beautiful, artistic, and high quality cremation urns and urns for ashes."[1]

23. Upon information and belief, Defendants Allahverdi and Khan are the primary officers, directors, and/or governing persons of Defendant GetUrns.

24. Defendants offer an ecommerce website at <www.geturns.com> ("GetUrns Website") that sells cremation urns and other related memorial products.

25. Upon information and belief, on or around May 9, 2018, Defendants registered the domain name <www.silverlighturns.com> ("Infringing Domain").

26. Defendants used and continue to use the Infringing Domain to redirect visitors to its ecommerce store at its GetUrns Website.

27. In essence, Defendants registered a domain name nearly identical to Plaintiff's domain name and its SILVERLIGHT URNS Mark and used that domain name to redirect web users looking for Plaintiff's website to Defendants' competitive website.

28. Upon information and belief, Defendant Allahverdi made, or was substantially involved in making, the decision to register the Infringing Domain and use the Infringing Domain to redirect traffic to his company's ecommerce store at its GetUrns Website.

29. Upon information and belief, Defendant Khan made, or was substantially involved in making, the decision to register the Infringing Domain and use the Infringing Domain to redirect traffic to his company's ecommerce store at its GetUrns Website.

---

[1] https://www.geturns.com/pages/about-us-1 (last visited on December 14, 2023).

30. Defendants registered the Infringing Domain with actual or constructive knowledge of Plaintiff's trademark rights in and to the SILVERLIGHT URNS Mark.

31. Defendants registered the Infringing Domain with actual or constructive knowledge of Plaintiff's prior use of a nearly identical domain name for its e-commerce website.

## COUNT 1
## Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)

32. Plaintiff incorporates paragraphs 1-31 above as if fully restated herein.

33. Defendants GetUrns, Allahverdi, and Khan are the domain name registrants or the domain name registrant's authorized licensees of the Infringing Domain.

34. Defendants registered the Infringing Domain without license or authorization from Plaintiff and in violation Plaintiff's common law trademark rights.

35. Defendants registered the Infringing Domain without license or authorization from Plaintiff and in violation Plaintiff's registered trademark rights.

36. Defendants used, and continue to use, the Infringing Domain to divert consumers from Plaintiff's website to Defendants' website for commercial gain and to cause a likelihood of confusion.

37. Defendants have registered and used the Infringing Domain with prior knowledge of Plaintiff's SILVERLIGHT URNS Mark and with explicit knowledge that their continued use of the "silverlighturns" in the Infringing Domain was infringing.

38. Plaintiff's SILVERLIGHT URNS Mark was distinctive at the time of Defendants' registration and use in the Infringing Domain.

39. Defendants have no legitimate interest in the Infringing Domain.

40. Defendants' actions constitute cybersquatting under § 15 U.S.C. § 1125(d).

41. In light of Defendants' actions, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

42. Plaintiff is also entitled to the transfer of the Infringing Domain to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C).

43. Plaintiff is entitled to the recovery of Defendants' profits, Plaintiff's actual damages, and the costs of this action.

44. Alternatively, at Plaintiff's election, Plaintiff is entitled to recover statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117.

45. Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

**WHEREFORE**, Plaintiff requests this honorable Court grant the following relief:

A.  That Defendants and all persons acting in concert with them be preliminarily and permanently enjoined from using the Infringing Domain, the SILVERLIGHT URNS Mark, or any colorable imitation thereof likely to cause confusion;

B.  That Defendants be ordered to transfer the Infringing Domain name into Plaintiff's possession;

C.  That Plaintiff receive and recover from Defendants all damages sustained;

D.  That Plaintiff receive and recover from Defendants statutory damages in the maximum amounts allowable by statute;

E.  That Defendants be ordered to pay Plaintiff's reasonable costs, expenses, and attorney fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1116, 15 U.S.C.§ 1117(a), and the terms of the Agreement.

F. That Plaintiff be awarded pre and post-judgment interest to the maximum extent allowed by law;

G. That Plaintiff be awarded damages for Plaintiff's monetary loss; and

H. That Plaintiff be awarded such other and further relief to which is may be justly entitled.

JURY DEMAND

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Dated: December 20, 23

By: /s/ John Di Giacomo
John Di Giacomo
Andrew Jurgensen
Counsel for Plaintiff
Revision Legal, PLLC
444 Cass Street
Suite D
Traverse City, MI 48684
Phone: (231) 714.0100
Fax: (231) 714.0200
Email: john@revisionlegal.com